**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Daniel Murray,<br><br>Plaintiff,<br>-v-<br><br>Encore Fire Protection Services, Inc., and William Hird & Co. Inc.,<br><br>Defendant. | **Civ. Action #:**<br><br>**<u>Complaint</u>**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Daniel Murray ("Plaintiff," or "Murray"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendant Encore Fire Protection Services, Inc. and William Hird & Co. Inc. (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually and jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover all of his unpaid wages, overtime wages, wage deductions due under law, contract/agreement, under Article 6 of the New York Labor Law including Section 191, 193, 198, and compensation for not receiving notices and statements required by

NYLL 195, and is also entitled to maximum liquidated damages, prejudgment interests, interests, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Daniel Murray ("Plaintiff" or "Murray") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. At all times relevant herein, Defendant Encore Fire Protection Services, Inc. ("Encore") was a New York corporation who acquired Defendant William Hird & Co. Inc. and became the successor in interests as to Plaintiff's employment and as to all claims asserted herein.

9. At all times relevant herein, Defendant William Hird & Co. Inc. ("William Hird") was a New York for profit corporation.

10. Upon information and belief and at all times relevant herein, Defendant had a principal place of business in Suffolk County located at 25 Orville Dr. Bohemia, NY 11716, where Plaintiff was employment.

11. At all times relevant herein, Defendants, individually and jointly, controlled the employment of Plaintiff and was responsible for retaining, firing, scheduling, controlling, managing,

supervising, and record-keeping as to plaintiff's employment, among other employment functions and performed such employment functions as to Plaintiff.

12. At all times relevant herein, Defendants, individually and jointly, employed Plaintiff.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of providing fire protection systems, installation and services to the public.

14. Upon information and belief and at all times relevant herein, Defendants, individually and jointly, employed about 100 or more employees within New York State.

15. At all times relevant herein, Plaintiff was employed by Defendants, individually and jointly, as a technician servicing and installing fire safety equipment throughout his workday.

16. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendants, individually and jointly, from in or around 2006 to on or around August 6, 2026.

17. At all times relevant herein, Plaintiff was an hourly employee of Defendants, and his last regular hourly rate of pay was about $32.00 an hour.

18. At all times relevant herein, Plaintiff worked approximately 55 to 60 or more hours each week and likely more, 5 or more days each week – with the exception of about 2-4 weeks each year.

19. At all times relevant herein, Defendants had a policy and practice of improperly deducting about 30 minutes or more each day from Plaintiff's work time. However, due to the demands of his job, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL. 29 C.F.R. § 785.18; 29 C.F.R. § 785.19. As a result, Plaintiff is owed overtime wages for about 2.5 overtime hours worked each week during his employment with Defendants - with the exception of about 2-4 weeks each year, which he seeks to recover with this action and for which he was not paid any wages. At all times relevant herein,

Plaintiff either did not receive a “meal” break or was not completely relieved from duty during “meal” breaks, if any, because he was always subject to interruption during “meal” breaks if any and was actually interrupted to perform his regular physical work during any “meal” breaks because of the nature and demands of the job as required by Defendant. See i.e. *Herrera v. Comme des Garcons, Ltd.,* 84 F.4th 110, 116 (2d Cir. 2023).

20. At all times relevant herein, in addition to the unpaid overtime hours in paragraph 19, Plaintiff was not paid any wages for about 10 to 15 or more overtime hours (weekly hours over 40) worked each week during his employment with Defendants, including preliminary and postliminary work, on-call/remote work and communications, care, maintenance and security, etc., of Defendants’ vehicle/property, etc., that Plaintiff kept and was responsible for 24/7 – with the exception of about 2-4 weeks each year.

21. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage and time records Defendants, individually and jointly, were required to keep under the FLSA and NYLL. *Accurate* copies of plaintiff’s wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142, are incorporated herein by reference.

22. At all times relevant herein, Defendants, individually and jointly, failed to provide Plaintiff with the required notice at the time of his hiring and subsequent changes in pay rates, etc., pursuant to NYLL § 195(1) containing, among other things, his rate of pay, designated payday, and the name, address, and telephone number for Defendants and Plaintiff never received such a notice. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

23. At all times relevant herein, Defendants failed to provide Plaintiff with the required wage statements pursuant to NYLL § 195(3) – the wage statements provided to Plaintiff showed fewer hours than what he actually worked and less wages than he actually earned – by not showing the work hours and earned wages claimed herein, which prevented him from determining and seeking payment for the precise amount of his unpaid wages and he was thus harmed by being deprived of his income for longer than he would have been had he

been able to timely raise his underpayment earlier . See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, fn 1 (2d Cir. 2021).

24. At all times relevant herein, Defendants' failure to provide Plaintiff with the required wage notice and wage statements, caused Plaintiff to suffer injury because Plaintiff was underpaid and wasn't advised that he was due overtime wages when he worked the additional overtime hours over 40 each week claimed in this action — that is, he didn't know he was supposed to be paid additional overtime and other wages claimed in this action, and he lost out on the ability to advocate for such wages and be paid according to the requirements of the law such as the FLSA and NYLL.

25. At all times relevant herein, Defendants' failure to provide Plaintiff with the required wage notices and wage statements, Defendants forced Plaintiff to spend time accounting and tabulating the information not provided such as the unpaid overtime hours and wages claimed herein, as best as he can – time is money and the several hours spent doing this would have been saved had Defendants carried out its legal obligations to provide Plaintiff with the required wage notice and wage statements which provides this type of accounting and tabulation and a lot more such as the amounts each pay period and year to date totals.

26. Upon information and belief and at all times relevant herein, Defendants, individually and jointly, had annual revenues and/or expenditures in excess of $500,000.

27. At all times applicable herein, Defendants, individually and jointly, conducted business with vendors/entities/persons within and outside the State of New York.

28. At all times applicable herein and upon information and belief, Defendants, individually and jointly, utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet, messaging internet application, payroll applications, timekeeping, websites and telephone/cellphones systems. As required by Defendant, Plaintiff utilized cell phone and electronic messaging as an integral part of his job to communicate with Defendants throughout his workday.

29. At all times applicable herein and upon information and belief, Defendants, individually and jointly, utilized the goods, materials, and services through interstate commerce.

30. Defendants, individually and jointly, as a regular part of their business, made payment of taxes and other monies to agencies and entities outside the State of New York.

31. At all times applicable herein and upon information and belief, Defendants, individually and jointly, conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

32. Defendants, individually and jointly, as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

33. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants, individually and jointly, failed and willfully failed to pay plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

34. Upon information and belief, and at all relevant times herein, Defendants, individually and jointly, failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

35. Upon information and belief, and at all relevant times herein, Defendants, individually and jointly, failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. As such, equitable tolling applies in this case. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

36. "Plaintiff" as used in this complaint refers to the named Plaintiff.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint

was signed.

**AS AND FOR A FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.**

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendants, individually and jointly, within the meaning of the FLSA, 29 USC 201 et Seq.

40. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206 and/or 207.

41. At all times relevant herein, Defendants, individually and jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

42. At all times relevant herein, Defendants, individually and jointly, failed and willfully failed to pay Plaintiff overtime compensation at a rate of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

43. Plaintiff is entitled to recover from Defendants, individually and jointly, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**

**NYLL 650 et Seq. and 12 NYCRR 142, etc. (Unpaid Overtime)**

44. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 43 above as if set forth fully and at length herein.

45. At all times relevant to this action, Plaintiff was employed by Defendants, individually and jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

46. At all times relevant to this action, Plaintiff was employed by Defendants, individually and jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder.

47. At all times relevant herein, Defendants, individually and jointly, failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders including N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

**Relief Demanded**

48. Plaintiff is entitled to recover from Defendants, individually and jointly, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

**AS AND FOR A THIRD CAUSE OF ACTION**

**(NYLL § 190, 191, 193, 195 and 198)**

49. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 48 above with the same force and effect as if fully set forth at length herein.

50. At all times relevant to this action, Plaintiff was employed by Defendants, individually and jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

51. At all relevant times herein, Defendants, individually and jointly, violated and willfully violated Plaintiff’s rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his overtime wages, and

wage deductions due under law, contract/agreement, as required under NY Labor Law § 190 et seq.

52. At all times relevant herein, Defendants, individually and jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants, individually and jointly, to comply with NYLL 195(1).

53. At all times relevant herein, Defendants, individually and jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants, individually and jointly, to comply with NYLL 195(1).

## Relief Demanded

54. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and jointly, his entire unpaid wages, including his unpaid overtime wages, wage deductions due under law, contract/agreement, maximum liquidated damages, prejudgment interests, interests, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court grant the following relief:

55. Declare Defendants, individually and jointly, to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

56. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the

FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

57. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

58. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid overtime wages, wage deductions due under law, contract/agreement, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

59. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

60. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
**October 31, 2026**

Respectfully submitted,

Abdul Hassan Law Group, PLLC
/s/ Abdul Hassan ___________________
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*